DocuSign Envelope ID: A018C697-CA32-4614-B7F1-920A5D3925C0

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JANE DOE**, | : | Case No. |
| *Plaintiff,* | : | |
| v. | : | CIVIL ACTION |
| **THE CHESHIRE ACADEMY**, | : | JURY TRIAL DEMANDED |
| *Defendant.* | : | |

## COMPLAINT

AND NOW, Jane Doe, Plaintiff, by and through her undersigned attorneys, files the within Complaint against The Cheshire Academy, Defendant, and in support thereof, states as follows:

## PARTIES

1. Jane Doe ("**Plaintiff**") is an adult, female resident of the state of Nevada, with a mailing address of the below referenced counsel c/o Andreozzi + Foote, 4503 North Front Street, Harrisburg, Pennsylvania 17110.

2. Currently, The Cheshire Academy ("**Cheshire**" or "**Defendant**"), is/was a private, co-educational, college preparatory school for both boarding and day students enrolled in grades 9 through 12, plus Postgraduate (PG) students, with a principal place of business at 10 Main Street, Cheshire, New Haven County, Connecticut 06410.

3. At all relevant times, Cheshire also had a middle school.

4. At all relevant times, Plaintiff was enrolled in the middle school at Cheshire and, specifically, was a student during the 2003 through 2004 school year, approximately in the 7th grade and about twelve (12) years old.

5. At all relevant times, Plaintiff was under the care and supervision of Cheshire, and its agents and/or employees, including but not limited to former teacher, Matthew Nelson ("**Nelson**" or "**Perpetrator**").

6. In approximately the winter of 2004, Plaintiff was sexually abused by Perpetrator.

## JURISDICTION AND VENUE

7. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

8. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, which gives United States District Courts jurisdiction over civil actions between diverse parties with an amount in controversy exceeding $75,000.00.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), since Defendant resides in this District of Connecticut.

## FACTS

10. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

11. As a child, Plaintiff attended Cheshire's middle school where she met Perpetrator, then a teacher at Cheshire.

12. When Plaintiff started school at Cheshire, neither she nor her guardians had any idea that Cheshire harbored abuser(s), including Perpetrator.

13. Had Plaintiff's guardians known this, they would not have permitted Plaintiff to attend Cheshire.

14. As stated, Perpetrator sexually abused Plaintiff.

15. The abuse began on the Cheshire campus, where Perpetrator groomed Plaintiff and would hold Plaintiff after school, on many afternoons, in his classroom with the door closed and would touch her inappropriately.

16. The abuse continued on a Cheshire field trip in approximately the winter of 2004, where Cheshire's agents and/or employees, including Perpetrator, spent multiple nights in a hotel with Cheshire middle school students, including Plaintiff.

17. During the Cheshire field trip, the students, including Plaintiff, were under the care, supervision, and custody of Cheshire's agents and/or employees, including Perpetrator.

18. During the Cheshire field trip, in relevant part, Perpetrator drugged Plaintiff, held her in his hotel room, alone, and sexually assaulted Plaintiff, including oral and vaginal.

19. Perpetrator exploited his role with Cheshire as a teacher to gain access to and abuse Plaintiff.

20. Cheshire knew or should have known that Perpetrator was an abuser who posed a risk of harm to children, including Plaintiff.

21. Cheshire was, or should have been, aware of the risk of abuse within educational institutions prior to and/or during Plaintiffs abuse by Perpetrator.

22. As a direct result of Cheshire's conduct described herein, Plaintiff suffered and will continue to suffer follows:

   a. Severe and permanent emotional distress, including physical manifestations of emotional distress;

   b. Deprivation of the full enjoyment of life;

   c. Expenses for medical and psychological treatment, therapy, and counseling; and

   d. Loss of income and/or loss of earning capacity.

## COUNT I
## NEGLIGENT HIRING, RETENTION, AND/OR SUPERVISION

23. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

24. Cheshire owed a duty of care to all minor persons, including Plaintiff, who were likely to encounter Perpetrator in his role as employee, agent, servant, and/or volunteer of Cheshire.

25. Cheshire owed a duty of care to all minor persons, including Plaintiff, to ensure its agents and/or employees, including Perpetrator, did not use their position to injure minors by sexual assault, abuse, and/or sexual contact.

26. Cheshire had an express and/or implied duty to provide a reasonably safe environment for all minor persons, including Plaintiff, and assume the duty to protect and care for them.

27. Cheshire negligently and/or grossly negligently hired and/or retained Perpetrator, when they knew or should have known that Perpetrator posed a threat of harm to minors, including Plaintiff.

28. Cheshire failed to adequately supervise the activities of its agents and/or employees, including Perpetrator.

29. Had Cheshire adequately supervised the activities of Perpetrator, they would have discovered and prevented further inappropriate sexual misconduct.

30. Perpetrator's acts described herein were undertaken, and/or enabled by, and/or during the course, and/or within the scope of Perpetrator's employment, appointment, assignment, and/or agency with Cheshire.

31. Cheshire allowed the acts of omission, and/or commission, and/or any or all of the allegations set forth in this Complaint to occur.

32. Cheshire's actions were negligent, grossly negligent, malicious, and/or outrageous in their disregard for the rights and safety of Plaintiff.

33. As a direct and proximate result of Cheshire's actions and omissions, Plaintiff suffered and will continue to suffer injuries, as described herein.

34. By reason of the foregoing, Cheshire is liable to Plaintiff for compensatory damages, together with interest and costs, and whatever other relief this Court deems appropriate.

## COUNT II
## NEGLIGENCE AND/OR GROSS NEGLIGENCE

35. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

36. Cheshire owed a duty of reasonable care to protect Plaintiff from injury.

37. Cheshire owed Plaintiff a duty of care to properly train and supervise their agents and/or employees, including Perpetrator, because Cheshire had a special relationship with Plaintiff.

38. Cheshire's special relationship arose because of the high degree of vulnerability of the children entrusted to their care, and as a result of this high degree of vulnerability and risk of sexual abuse inherent in such a special relationship, Cheshire had a duty to establish measure of protection not necessary for persons who are older and better able to safeguard themselves.

39. Cheshire owed Plaintiff a duty of reasonable care because they: solicited students and parents for participation in their school programs and field

trips; encouraged students and parents to have the youth participate in their programs and field trips; undertook custody of minor children, including Plaintiff; promoted their facilities and programs as being safe for children; held their agents, including Perpetrator, out as safe to work with children; encouraged parents and children to spend time with their agents; and/or encouraged their agents, including Perpetrator, to spend time with, interact with, and recruit children for such programs and field trips.

40. As a result of Plaintiff being a minor, and by Cheshire undertaking the care and guidance of Plaintiff, Cheshire, and its agents and/or employees, held a position of power over Plaintiff.

41. Cheshire, by holding itself out as being able to provide a safe environment for children, solicited and/or accepted this position of power.

42. Cheshire, by and through its agents and/or employees, including Perpetrator, exploited this position of power over Plaintiff and, thereby, put Plaintiff at risk for sexual abuse.

43. Cheshire entered into an express and/or implied duty to properly supervise Plaintiff and provide a reasonably safe environment for children, including Plaintiff.

44. Cheshire owed Plaintiff a duty to properly supervise Plaintiff to prevent harm from foreseeable dangers.

45. Cheshire had a duty to exercise the same degree of care over minors under their control as a reasonably prudent person would have exercised under similar circumstances.

46. Cheshire breached its duties to Plaintiff.

47. Cheshire failed to use ordinary care in determining whether their facilities and/or programs and/or field trips were safe and/or determining whether they had enough information to represent their facilities and/or programs and/or field trips as safe.

48. Cheshire's breach of duties to Plaintiff include, but are not limited to:

   a. failure to supervise and protect Plaintiff from a known danger;

   b. failure to have sufficient policies and procedures in place to prevent child sex abuse;

   c. failure to properly implement policies and procedures to prevent child sex abuse;

   d. failure to take reasonable measures to ensure that policies and procedures to prevent child sex abuse were working;

   e. failure to adequately inform families and children of the risks of child sex abuse;

   f. failure to investigate risks of child molestation;

   g. failure to properly train employees/volunteers, including, on the risks, dangers, and signs of sexual abuse;

   h. failure to have any outside agency test their safety procedures;

   i. failure to protect the children in their programs from child sex abuse;

    j.   failure to adhere to the applicable standard of care for child safety;

    k.   failure to investigate the amount and type of information necessary to represent the institutions, programs, leaders, and people as safe;

    l.   Failure to warn Plaintiff or Plaintiff's family about the risk of harm that Perpetrator posed to Plaintiff;

    m.   Failing to warn Plaintiff or Plaintiff's family about the risks of child sexual abuse within Defendant's property and/or programs and/or activities; and

    n.   Failing to report known and/or suspected abuse of children by Perpetrator and/or its other agents and/or employees to the police and law enforcement.

49.   Cheshire, by and through its agents, servants, and/or employees, became aware or should have become aware of Perpetrator's propensity to commit sexual abuse and of the risk to Plaintiff's safety.

50.   Cheshire knew or should have known that they did not have sufficient information about whether children in their care were safe.

51.   Cheshire knew or should have known that there was a risk of child sex abuse for children in Defendant(s)'s programs and activities.

52.   Cheshire knew or should have known that they did not have enough information about whether or not there was a risk of child sex abuse for children participating in Cheshire's programs, activities, and/or field trips.

53.   Cheshire knew or should have known that there was a specific danger of child sex abuse for children.

54. Cheshire's actions created a foreseeable risk of harm to Plaintiff.

55. Plaintiff was a foreseeable victim.

56. Cheshire's actions were negligent, grossly negligent, malicious, and/or outrageous in its disregard for the rights and safety of Plaintiff.

57. As a direct and proximate result of Cheshire's actions and omissions, Plaintiff suffered and will continue to suffer injuries, including but not limited to those as described herein.

58. By reason of the foregoing, Cheshire is liable to Plaintiff for compensatory damages, together with interest and costs, and any other relief this Court deems appropriate.

WHEREFORE, based on the foregoing, Plaintiff requests damages against Defendant in excess of $75,000.00, including punitive damages, and any other such relief as this Honorable Court deems appropriate.

Dated: May 24, 2021                    Respectfully Submitted,

**ANDREOZZI + FOOTE**

*/s/ Benjamin D. Andreozzi, Esq.*
Benjamin D. Andreozzi, Esq.
***Pro hac vice admission pending***
PA ID No. 89271
ben@vca.law
4503 North Front Street
Harrisburg, PA 17101
Tel: (717) 525-9124
*Attorneys for Plaintiff*

**BARTLETT LEGAL GROUP, LLC**

<u>*/s/ Frank C. Bartlett, Jr.*</u>
Frank C. Bartlett, Jr.
Fed Bar No. ct26913
frank@bartlettlegalgroup.com
36 Wallingford Road
Cheshire, CT 06410
Tel: (203) 439-7717
*Attorneys for Plaintiff*

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that she is the Plaintiff in the above action, that she has read the above complaint, and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at  Nevada  on  5/24/2021 .
　　　　　　　(location)　　　　　　(date)

DocuSigned by:
*Jane Doe*
ABFA6ECEAB9B42D...
Jane Doe