## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JANE DOE,
      Plaintiff,

      v.

CHESHIRE ACADEMY,
      Defendant.

No. 3:21-cv-779 (SRU)

## <u>ORDER</u>

On March 11, 2022, I held a telephone conference on the record with Frank C. Bartlett and Renee Franchi, attorneys for the plaintiff, Jane Doe; and Deborah Etlinger and Erin Canalia, attorneys for the defendant, Cheshire Academy. The purpose of the call was to hear arguments on Doe's motion to compel discovery. *See* Mot. to Compel, Doc. No. 32.

This is a case about an alleged sexual assault by a teacher on a middle school student. The victim—Doe— commenced this action against her perpetrator's former employer— Cheshire Academy ("Cheshire"). Doe alleges a "negligent hiring, retention and/or supervision" claim in Count I, and a "negligence and/or gross negligence" claim in Count II. Compl., Doc. No. 1. Doe claims Cheshire breached its duties to Doe in several ways, including an alleged failure to have sufficient policies and procedures to prevent child sex abuse and adhere to applicable standards of care for child safety. *Id.* at ¶ 48. To prove its case, Doe requests:

> All documents, writings, memoranda, email correspondence, statements, incident reports, police reports, or investigative reports that are in [Defendant's] possession relating to sexual misconduct by anyone on any property within the control of Defendant at any time prior to and including the Incident(s) in Plaintiff's Complaint.

Def. Opp. Memo, Doc. No. 35, at 4. Cheshire has objected to production of such documents on relevance, scope and privilege grounds. After hearing arguments from both sides, I **denied without prejudice** Doe's motion to compel. Several reasons explain my decision.

First, Cheshire does not anticipate disputing that the general risk of sexual misconduct by its institutional employees was foreseeable.[1] If that remains true, prior instances of alleged sexual misconduct by Cheshire employees, other than the alleged perpetrator, would not be relevant to the question of whether Doe's specific harm was foreseeable.

Second, Cheshire maintains that all but one of the incidents for which responsive documents exist concern sexual misconduct alleged to have occurred during the 1960s. One concerns a sexual assault alleged to have occurred in the 1980s. Because Doe's alleged assaults occurred during the 2003-2004 academic year, Cheshire argued knowledge of alleged conduct that occurred in the 1960s and 1980s are too remote in time to be relevant. For the most part, I agreed with Cheshire's position. But the instance from the 1980s presents a closer call. For that reason, I ordered Cheshire to produce *in camera* all responsive documents relating to the alleged abuse occurring in the 1980s.

Finally, discovery on Cheshire's then-policies and procedures regarding sexual misconduct remains ongoing. Once that discovery is completed, it is possible that Cheshire's procedures were so deficient on their face that allegations of sexual misconduct from the 1960s may then become relevant. But we are not there yet. Should discovery lead Doe to reach that conclusion, she is free to refile her motion to compel.

So ordered.

Dated at Bridgeport, Connecticut, this 23rd day of March 2022.

---

[1] At the moment, Cheshire's answer leaves this question open. *See* Answer, Doc. No. 18, at ¶ 21. On the call, I indicated that it would make sense for Cheshire to amend its answer to reflect this concession. Cheshire indicated that it would do so.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge